UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


IN RE: JOHN RICHARDS HOMES
BUILDING COMPANY, L.L.C.

JOHN RICHARDS HOMES
BUILDING COMPANY, L.L.C.,

      Appellant,

      v.

ADELL BROADCASTING
CORPORATION and STN.COM,

      Appellees.

_____/

CIVIL ACTION NO. 06-13748[1]

DISTRICT JUDGE STEPHEN J. MURPHY, III

MAGISTRATE JUDGE VIRGINIA M. MORGAN


## REPORT AND RECOMMENDATION

### I.  Introduction

      This matter comes before the court on an appeal by appellant John Richards Homes

Building Co., L.L.C. ("JRH") from an August 8, 2006 order of the United States Bankruptcy

Court for the Eastern District of Michigan (the "Bankruptcy Court") denying JRH's request for

---

[1]At the same time it brought this appeal against the two appellees, appellant filed notice
of appeals in Case No. 06-13746 and Case No. 06-13747 raising the same issues involved in this
case against each appellee individually.  The briefs filed by the respective parties for all three
cases were the same and the docket sheets for Case No. 06-13746 and Case No, 06-13747 now
identify those cases as having two appellees as well.  Therefore, the same report and
recommendation will be issued for all three cases.

entry of judgment against appellees STN.com and Adell Broadcasting Corp. For the reasons

stated below, this court recommends that the decision of the Bankruptcy Court be **AFFIRMED**.

## II. Background

This case arises out of an involuntary petition filed by Kevin Adell against JRH pursuant

to 11 U.S.C. § 303(b)(2). On July 1, 2002, JRH filed a motion to dismiss the petition and, on

July 15, 2002, the Bankruptcy Court held a hearing on JRH's motion to dismiss. Ruling from

the bench, the Bankruptcy Court granted the motion, concluding that Adell was not qualified to

serve as a creditor in an involuntary bankruptcy because his claim against JRH was not

undisputed. See In re John Richards Homes Bldg. Co., L.L.C., 439 F.3d 248, 253 (6th Cir.

2006) (internal citations omitted).

Following entry of order dismissing the involuntary petition filed by Adell against JRH,

JRH requested an award of compensatory and punitive damages. After a period of discovery,

followed by a two-day evidentiary hearing, the Bankruptcy Court granted JRH's request on April

25, 2003. In re John Richards Homes Bldg. Co., L.L.C., 291 B.R. 727, 740 (Bankr. E.D. Mich.

2003). In its opinion, the Bankruptcy Court found that Adell had filed the involuntary

bankruptcy petition against JRH in bad faith and awarded JRH compensatory damages in the

amount of $4,100,000, punitive damages in the amount of $2,000,000, and attorneys' fees and

costs in the amount of $313,230.68. In re John Richards Homes, 291 B.R., at 735-740.

On May 2, 2003, Adell appealed the Bankruptcy Court's decision. See In re John

Richards Homes Building Co., L.L.C., 312 B.R. 849, 854 (E.D. Mich. 2004).

On May 6, 2003, while the appeal was pending, Adell entered into a purchase agreement for a $2.8 million home in Florida. See In re John Richards Homes Bldg. Co., L.L.C., 298 B.R. 591, 593 (Bankr. E.D. Mich. 2003). On May 8, 2003, he closed on the purchase of the Florida home. See In re John Richards Homes, 298 B.R. at 593.

On May 12, 2003, JRH directed writs of garnishment towards appellees Adell Broadcasting and STN.com, who were Adell's employers, and 24 other persons or entities. (Bankr. E.D. Mich. Petition No. 02-54689; D/E #217 through D/E #242) Adell Broadcasting and STN.com subsequently filed garnishee disclosures on May 23, 2006. (Bankr. E.D. Mich. Petition No. 02-54689; D/E #300 and #302)

On May 21, 2003, JRH filed a motion in the Bankruptcy Court for miscellaneous post-judgment relief, seeking the aid of the Bankruptcy Court to collect on its judgment. (Bankr. E.D. Mich. Petition No. 02-54689; D/E #281) Specifically, JRH argued that because Adell had used the proceeds from his Michigan assets to purchase the Florida home immediately after the judgment was entered, Adell should be ordered to sell that home and remit the proceeds in partial satisfaction of the judgment. See In re John Richards Homes, 298 B.R. at 593.

On September 17, 2003, the Bankruptcy Court granted JRH's motion in part after finding that Florida's homestead exemption, as construed by Florida Supreme Court, was preempted by federal law and did not provide any protection for a party who had filed an involuntary bankruptcy petition in bad faith and who was attempting to protect his assets from the substantial compensatory and punitive damages awards entered against him by the Bankruptcy Court. In re John Richards Homes, 298 B.R. at 605-606. In the alternative, the Bankruptcy Court found that,

even if the Florida homestead exemption was not preempted, Adell did not qualify for it because the Florida house was not his homestead.  In re John Richards Homes, 298 B.R. at 607-608.

As part of that decision, the Bankruptcy Court stated:

> There are two additional considerations which support the Court's conclusion that Adell did not intend to establish a permanent residence, but rather, simply intended to avoid paying the judgment.
>
> First, Adell has actively participated with his employers in a scheme to evade JRH's garnishments of his income. Adell is employed by Adell Broadcasting Corp. and The Word Network, both owned by his father. Adell's income in 1999 was $645,823. His income in 2000 was $935,660. His income in 2001 was $2,277,724. His income in 2002 was $1,705,683. However, when JRH attempted to garnish Adell's wages from Adell Broadcasting Corp., the garnishee disclosure returned by his father's companies indicated that the garnishments could not begin immediately because Adell's income was subject to set-off rights of the company. The testimony of Adell and his father revealed that the company had "loaned" Adell over $300,000 for the purchase of his home in Florida, for attorney fees, and for living expenses, and thus he is allegedly not currently receiving any income. The Court concludes that this arrangement is merely a further attempt by Adell to avoid paying the judgment."  In re John Richards Homes, 298 B.R. at 608.]

The Bankruptcy Court ordered that Adell sell the Florida property within sixty (60) days and turn the proceeds from that sale over to JRH.  In re John Richards Homes, 298 B.R. at 606.  The Bankruptcy Court also ordered that Adell turn over certain assets to the U.S. Marshals and that the Michigan Secretary of State record a lien in favor of JRH on any vehicles still titled in Adell's name.  In re John Richards Homes, 298 B.R. at 609.

On September 30, 2003, JRH filed motions for judgment against Adell Broadcasting Corp. and STN.com pursuant to M.C.L. § 600.4051 on the basis that the garnishee disclosures filed by those two companies were false. (Bankr. E.D. Mich. Petition No. 02-54689; D/E #480 and #483)

On November 14, 2003, Adell sought relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Florida (the "Florida Bankruptcy Court"), immediately triggering the operation of the automatic stay imposed by Section 362 of the Bankruptcy Code and stopping any further collection attempts by JRH. See In re Adell, 321 B.R. 573, 577 (Bankr. M.D. Fla. 2005).

On February 10, 2004, JRH filed a motion to dismiss Adell's Chapter 11 filing on the basis that it was filed in bad faith. On May 28, 2004, the Florida Bankruptcy Court, after extensive hearings, entered an order and opinion denying JRH's motion to dismiss. See In re Adell, 310 B.R. 460, 461 (Bankr. M.D. Fla. 2004).

On August 5, 2004, the United States District Court for the Eastern District of Michigan affirmed the Bankruptcy Court's award of JRH's costs, attorneys' fees, compensatory damages and punitive damages pursuant to 11 U.S.C. § 303(i). In re John Richards Homes Building Co., L.L.C. 312 B.R. 849, 867 (E.D. Mich. 2004). Subsequently, on September 1, 2004, Adell appealed the District Court's affirmation of the Bankruptcy Court's award. (Case No. 03-40109, D/E #20)

On October 15, 2004, the Florida Bankruptcy Court denied JRH's motion for relief from the automatic stay as to the garnishment actions against STN.com and Adell Broadcasting Corp. In re Adell, No. 03-23684, 2004 WL 2931390 (Bankr. M.D. Fla. October 15, 2004).

On February 1, 2005, the Florida Bankruptcy Court granted Adell's request to avoid, on exemption impairment grounds, the lien on the Florida residence. In re Adell, 321 B.R. 573, 578 (Bankr. M.D. Fla. 2005). As found by the Florida Bankruptcy Court:

> The difference between the existing facts and the facts at the time the Michigan Bankruptcy Court rejected the claim should be quite evident. The Debtor's homestead exemption claim presented to this Court is in the context of an already pending bankruptcy case of the Debtor. Based on the evidence presented to this Court, this Court is satisfied that the Debtor complied with the residency requirements of Section 522(b)(2)(A), that he was a bone fide resident of Florida at the time he filed his Petition for relief under Chapter 11 in this Court, therefore, he is entitled to the homestead protection guaranteed by Article X, Section 4 of the Florida Constitution. Thus, the Naples residence of the Debtor is exempt and JRH cannot compel the same to be sold to satisfy the Judgment of the Michigan Bankruptcy Court based on the sanction award granted to JRH. [In re Adell, 321 B.R. at 578.]

On May 11, 2005, the Florida District Court, considering JRH's appeal of the Florida Bankruptcy Court's denial of JRH's initial motion to dismiss the Chapter 11 case reversed the Florida Bankruptcy Court's ruling and held that the denial was in error and the Chapter 11 case should be dismissed because it was a bad faith filing. In re Adell, 371 B.R. at 544.

However, on May 12, 2005 and before an order dismissing the case could be entered, Adell filed a notice that he was voluntarily converting his bankruptcy to a case under Chapter 7.

In re Adell, 371 B.R. at 544. On May 17, 2005, the Florida Bankruptcy Court entered an order converting Adell's Chapter 11 case to a case under Chapter 7. In re Adell, 371 B.R. at 544.

On July 13, 2005, the Florida Bankruptcy Court denied JRH's second motion requesting relief from the automatic stay in order to pursue garnishment proceedings after determining that a finding of bad faith in filing a Chapter 11 petition has no relevance to Adell's right to maintain a Chapter 7 case and, thus, does not serve as a "cause" for granting relief from the stay. See In re Adell, 328 B.R. 850, 852-853 (Bankr. M.D. Fla. 2005).

On July 22, 2005, JRH filed a second motion to dismiss (Doc. No. 677) and, on October 4, 2005, the Florida Bankruptcy Court entered an order granting JRH's motion to dismiss Adell's Chapter 7 case after finding that cause existed for dismissal because Adell's filing was not supported by the well-established policy aims of Chapter 7. See In re Adell, 332 B.R. 844, 848-849 (Bankr. M.D. Fla. 2005).

On February 14, 2006, the Florida Bankruptcy Court entered an order reaffirming the order on the motion to dismiss and denying Adell's Emergency Motion for Reconsideration and Motion for Stay Pending Reconsideration or Appeal. See In re Adell, 343 B.R. 717, 722 (Bankr. M.D. Fla. 2006) ("this Court is satisfied that there is nothing stated in [Adell's] Emergency Motion for Reconsideration which would warrant this Court to set aside its Order on Motion to Dismiss.").

On February 16, 2006, JRH had filed a "Motion to Enforce Judgment" in which it reasserted early motions for judgment against Adell Broadcasting Corp. and STN.com (Bankr. E.D. Mich. Petition No. 02-54689; D/E #773). Moreover, both Adell Broadcasting Corp. and

STN.com moved to dismiss JRH's motion due to lack of subject matter jurisdiction. (Bankr.

E.D. Mich. Petition No. 02-54689; D/E #480; #483).

On March 1, 2006, the Sixth Circuit affirmed both the Bankruptcy Court's award and the

District Court's approval of that reward. See In re John Richards Homes Bldg. Co., L.L.C., 439

F.3d 248, 252 (6th Cir. 2006).

On April 3, 2006, Adell paid the judgment in full with interest. Included in the payment

were the punitive damages, costs and attorneys' fees that the Bankruptcy Court awarded JRH in

defending the involuntary case and obtaining the judgment. See In re Adell, 371 B.R. 541, 544

(Bankr. M.D. Fla. 2007).[2]

On August 8, 2006, the Bankruptcy Court denied JRH's motions for entry of judgement

against Adell Broadcasting Corp. and STN.com. See In re Johns Richards Homes Company,

L.L.C., 346 B.R. 762 (Bankr. E.D. Mich. 2006). With regard to jurisdiction the Bankruptcy

Court found:

> In the present case, JRH attempts to impose liability upon Adell
> Broadcasting and STN.com due to false garnishee disclosure
> statements, the liability for which would arise, if at all, from the
> garnishee defendants' misconduct in this Court. The underlying
> basis for imposing liability against Adell Broadcasting and
> STN.com is their fraud on this Court.

* * *

---

[2]While Adell paid the judgment on April 3, 2006, he still filed a Petition for a Writ of
Certiorari on May 30, 2006. Petition for Writ of Certiorari, Adell v. John Richards Homes Bldg.
Co., No. 05-1532, 2006 WL 1519179, (May 30, 2006). On October 2, 2006, the United States
Supreme Court denied Adell's petition for writ of certiorari. Adell v. John Richards Homes
Bldg. Co., L.L.C., 127 S.Ct. 85 (Mem), No. 01-1532 (2006).

Accordingly, JRH's garnishment proceedings are effectuated pursuant to Michigan law, but the garnishments were issued based on authority of this Court's judgment and the garnishee defendants filed their disclosures in this Court. If the garnishee defendants had simply not answered the garnishments, it is clear that under MCR 3.101(S)(1), the Court would have entered judgments against them and would have had the subject matter jurisdiction to do so. The Court concludes that when a garnishee defendant files a false garnishment disclosure, both Rule 69 and the Court's inherent authority permit it to respond under MCL § 600.4051. A federal court's subject matter jurisdiction simply cannot be so limited that it is required to rely on a state court to address a false statement made during its own processes. Accordingly, the Court holds that it has jurisdiction over JRH's claims. [In re John Richards Homes Building Co., LLC, 346 B.R. 762, 765 (Bankr. E.D. Mich. 2006) (internal citations omitted).]

Regarding the merits of JRH's motions, the Bankruptcy Court first noted that it "previously found that Adell Broadcasting and STN.com participated in a scheme to evade the judgment and that the scheme included filing false garnishee disclosures." In re John Richards Homes, 346 B.R. at 765 citing In re John Richards Homes, 298 B.R. at 608. The Bankruptcy then found dispositive Adell Broadcasting and STN.com's argument that they are not liable because Adell paid the judgment in full and there is no longer any amount due on the judgment. In re John Richards Homes, 346 B.R. at 766. In making that decision, the Bankruptcy Court found:

Neither the Court nor the parties have found any case law interpreting MCL § 600.4051. However, the Court is guided by Lyons v. Jim Moceri & Son, Inc., 2006 WL 657133 (Mich.App. March 16, 2006). In this unpublished decision from the Michigan Court of Appeals, the garnishor filed three writs of garnishment against a corporate employer. The garnishor moved for summary disposition, arguing that the garnishee defendant filed disclosures that were "patently false" and requesting judgment against the

garnishee defendant for the full amount of the underlying judgment. The Wayne Circuit Court granted the motion. However, the court only entered a judgment in the amount that the garnishee defendant had falsely claimed it had paid in satisfaction of a higher priority (minus a credit for amounts actually paid) rather than the full judgment. The Michigan Court of Appeals affirmed. Although the case does not directly address MCL § 600.4051, it does indicate how the Michigan courts deal with issues of false garnishee disclosures pursuant to the Michigan Court Rules.

Michigan Court Rule 3.101 provides the rules for garnishment after judgment. MCR 3.101(G)(2) addresses the liability of the garnishee and specifically provides, "The garnishee is liable for no more than the amount of the unpaid judgment, interest and costs as stated in the verified statement requesting the writ of garnishment." Additionally, MCR 3.101(O)(1) provides, "A money judgment against the garnishee may not be entered in an amount greater than the amount of the unpaid judgment, interest, and costs as stated in the verified statement requesting the writ of garnishment." MCR 3.101(O)(7) provides, "Satisfaction of all or part of the judgment against the garnishee constitutes satisfaction of a judgment to the same extent against the defendant."

These court rules strongly suggest that the Michigan courts accept the general rule of "one satisfaction." See Grace v. Grace, 253 Mich.App. 357, 655 N.W.2d 595, 602 (2002) ("Generally, under Michigan law, only one recovery is allowed for an injury."). Further, these rules undermine JRH's argument that MCL § 600.4051 intends to impose full liability for the judgment on the garnishee defendant that is separate from the defendant's liability.

The Court holds that it is a better reading of the statute that a garnishee defendant that files a false disclosure is liable only for the remaining balance due on the underlying judgment. Accordingly, because Adell has since paid the judgment and there is no balance, Adell Broadcasting and STN.com have no further liability to JRH. [In re John Richards Homes, 346 B.R. at 766.]

On August 23, 2006, JRH filed a notice of appeal with respect to the Bankruptcy Court's denial of its motions for entry of judgment against Adell Broadcasting Corp. and STN.com (D/E #1). In its appellate brief (D/E #9), JRH argues that the Bankruptcy Court erred when it found that M.C.L. § 600.4051 did not impose liability on appellees because the judgment had been paid in full. According to JRH, the plain meaning of the language used in that statute, a comparison of § 600.4051 with other Michigan statutes and the policy behind § 600.4051 all compel the conclusion that § 600.4051 imposes liability on Adell Broadcasting Corp. and STN.com even though the judgment has been paid. JRH also argues that the reasons cited by the Bankruptcy Court for its contrary statutory interpretation do not support the Bankruptcy Court's conclusion.

In their appellate brief (D/E #11), Adell Broadcasting Corp. and STN.com argue that the Bankruptcy Court's decision should be affirmed because the plain meaning of the language used in M.C.L. § 600.4051 limits the penalty for willfully false disclosures to the balance due, if any, on the underlying judgment. Appellees also argue that the relationship between the parties and the function of garnishment statutes deny JRH the triple recovery it seeks. Appellees further argue that, if JRH's interpretation of the statute is adopted, the appellees would be penalized $13 million for avoiding a $14,000 garnishment and such a penalty would violate constitutional due process protections. In the alternative, appellees argue that the Bankruptcy Court never found that the disclosures were willfully false and that appellees are entitled to jury trial on that issue. Appellees also argue that § 600.4051 does not apply to corporations.

In its reply brief (D/E #12), JRH argues that appellees' interpretation of § 600.4051 misconstrues the language of that statute and ignores legislative intent. JRH also argues that

appellees' interpretation would deny a remedy for the wrong committed against JRH by appellees. JRH further argues that an award of the full amount of the judgment is not unconstitutional and that § 600.4051 applies to artificial persons.

## III.  Standard of Review

District courts have jurisdiction to hear appeals from final judgments, orders and decrees of bankruptcy judges.  See 28 U.S.C. § 158(a)(1).  The District Court reviews a bankruptcy court's conclusions of law de novo and its findings of fact for clear error.  See In re Holland, 151 F.3d 547, 548 (6th Cir. 1998); Bankruptcy Rule 8013 ("[the bankruptcy court's] [f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous").

## IV.  Discussion

As discussed above, JRH's motions for entry of judgment against Adell Broadcasting Corp. and STN.com were made pursuant to M.C.L. § 600.4051.  That statute provides:

> Any person summoned as a garnishee or any officer, agent, or
> other person who appears and answers for a corporation
> summoned as a garnishee, who knowingly and wilfully answers
> falsely upon his disclosure or examination on oath is liable to the
> plaintiff in garnishment, or to his executors or administrators, to
> pay out of his own goods and estate the full amount due on the
> judgment recovered with interest, to be recovered in a civil action.

The question of statutory interpretation posed by this case is whether § 600.4051 permits JRH to recover the full amount of the judgment from both Adell Broadcasting Corp. and STN.com despite the fact that Adell satisfied the judgment.  As discussed above, JRH argues that the plain meaning of the language used in § 600.4051, a comparison of § 600.4051 with other

Michigan statutes and the policy behind § 600.4051 all compel the conclusion that § 600.4051 imposes liability on Adell Broadcasting Corp. and STN.com for the full amount of the judgment even though the judgment has been paid. Adell Broadcasting Corp. and STN.com, on the other hand, primarily argue that the plain meaning of the language used in § 600.4051 limits the penalty for willfully false disclosures to the balance due, if any, on the underlying judgment, that the relationship between the parties and the function of garnishment statutes deny JRH the triple recovery it seeks, and that adoption of JRH's interpretation of the statute would lead to due process violations.

As with any question of statutory interpretation, the court must first look to the language of the statute itself. Desert Palace, Inc. v. Costa, 539 U.S. 90, 98, 123 S.Ct. 2148, 156 L.Ed.2d 84 (2003), citing Conn. Nat'l Bank v. Germain, 503 U.S. 249, 253-54, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992); Cox v. Mayer, 332 F.3d 422, 424 (6th Cir.2003). If the language of the statute is clear, then the inquiry is complete, and the court should look no further. Tenn. Valley Auth. v. Hill, 437 U.S. 153, 185 n. 29, 98 S.Ct. 2279, 57 L.Ed.2d 117 (1978); see also Desert Palace, 539 U.S. at 98, 123 S.Ct. 2148.

In addition, the United States Supreme Court has found that the Bankruptcy Code is the result of congressional compromises concerning the competing interests in bankruptcy cases, Northern Pipeline Constr. Co. v. Marathon Pipe Line Co., 458 U.S. 50, 61 n. 12, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), and that, considering those compromises, it even more important to rely on the Code's plain language, rather than on outside evidence of congressional intent. See Ron Pair, 489 U.S. at 240, 109 S.Ct. 1026; Board of Governors v. Dimension Fin. Corp., 474 U.S.

361, 373-74, 106 S.Ct. 681, 88 L.Ed.2d 691 (1986) ("Application of 'broad purposes' of legislation at the expense of specific provisions ignores the complexity of the problems Congress is called upon to address and the dynamics of legislative action.").  Thus, if the statutory language is unambiguous and the statutory scheme coherent and consistent, then a court's inquiry must cease and it must apply the plain language of the statute.  Mabry, 518 F.3d at 450 (citations omitted).  Only if the statute is "inescapably ambiguous" should a court look to other persuasive authority in an attempt to discern legislative meaning.  Garcia v. United States, 469 U.S. 70, 76 n. 3, 105 S.Ct. 479, 83 L.Ed.2d 472 (1984) quoting Schwegmann Bros. v. Calvert Distillers Corp., 341 U.S. 384, 395-96, 71 S.Ct. 745, 95 L.Ed. 1035 (1951) (Jackson, J., concurring)).  Persuasive authority can include other statutes, interpretations by other courts, legislative history, policy rationales, and the context in which the statute was passed.  Brilliance Audio, Inc. v. Haights Cross Communications, Inc., 474 F.3d 365, 372 (6th Cir. 2007).

In this case, the language of § 600.4051 supports appellees' interpretation of the statute and the Bankruptcy Court's decision should be affirmed.  Section 600.4051 imposes liability on a garnishee, who knowingly and wilfully answers falsely upon his disclosure, for "the full amount due on the judgment recovered with interest."  Here, the "full amount due on the judgment" is $0 because, as JRH concedes, Adell satisfied the judgment, with interest.  JRH's interpretation of the statute ignores the language limiting liability to the amount of the judgment *due* rather than the amount of the judgment itself, regardless of whether or not it has been paid. In interpreting a statute, a court should expect every word in the statute to have meaning, and the court try to "give effect to all the words to avoid an interpretation which would render words

superfluous or redundant." Day v. James Marine, Inc., 518 F.3d 411, 417 (6th Cir. 2008),

quoting Walker v. Bain, 257 F.3d 660, 667 (6th Cir. 2001). In this case, by giving effect to all

the words in

§ 600.4051, the meaning of that statute becomes clear and, given the clear language, the court's

inquiry is complete and § 600.4051 should be interpreted in accordance with its plain language.

As discussed above, that plain language confirms the Bankruptcy Court's decision and,

therefore, that decision should be affirmed.[3]

To the extent that the statutory language of § 600.4051 is ambiguous, the Court should

look at persuasive authorities, including other statutes, in order to ascertain the meaning of the

statute. Brillance Audio, Inc., 474 F.3d at 372. In this case, JRH points to three groups of

Michigan statutes that it claims supports its interpretation of § 600.4051.

First, JRH points to nine Michigan statutes passed prior to the enactment of § 600.4051

that expressly provide for joint and several liability: M.C.L. § 414.7 (1948), M.C.L. § 472.22

(1948), M.C.L. § 472.73 (1948), M.C.L. § 484.158 (1948), M.C.L. § 484.159 (1948), M.C.L.

---

[3]In the alternative, appellees argue that, under its plain language, § 600.4051 does not apply to corporations. Section 600.4051 expressly provides that, when a corporation is involved, the person the person who answers falsely on behalf of a corporation, be he an officer, mere agent or other representative, is subject to the penalty. According to appellees, "Person" in § 600.4051 must be understood as "natural person" because, if "person" meant "legal person," the language in that statute relating to the liability of the person who answers falsely on behalf of the corporation would be surplusage. However, as noted by JRH, M.C.L. § 600.1404(1)(a) provides: "'Person' means an individual, corporation, government or governmental subdivision or agency, business trust, estate, trust, partnership or association, or any other legal entity." Viewing § 600.4051 and § 600.1404(1)(a) together, it is clear that not only are such artificial entities liable for filing willfully false garnishee disclosures, but so are the natural persons who act on their behalf. The language relating to the liability of the person who answers falsely on behalf of the corporation is not surplusage if both are liable.

-15-

§ 485.14 (1948), M.C.L. § 486.115 (1948), M.C.L. § 486.65 (1948), and M.C.L. § 486.215 (1948). In JRH's view, those statutes demonstrate that the Michigan legislature knew how to provide for joint and several liability when it wanted to and the fact that it did not provide for such liability in § 600.4051 is relevant to the interpretation of that statute.

JRH also points to six Michigan statutes adopted prior to the enactment of § 600.4051 where the Michigan legislature expressly provided that one specific party is only liable if someone else who is obligated to pay does not: M.C.L. § 472.24 (1948), M.C.L. § 414.7 (1948), M.C.L. § 484.158 (1948), M.C.L. § 485.14 (1948), M.C.L. § 486.65 (1948), M.C.L. § 486.215 (1948). According to JRH, no such language appears in § 600.4051 and that absence speaks to the legislature's intent.

JRH further points to current Michigan statutes that provide for greater than single recovery: M.C.L. § 408.475, M.C.L. § 600.2961(5), M.C.L. § 600.2952, M.C.L. § 600.2919, M.C.L. § 445.778, M.C.L. § 257.1336, M.C.L. § 554.613. According to JRH, all those statutes permit a plaintiff to recover more than simply its compensatory damage and, therefore, the Bankruptcy Court's focus on the principle of "one injury, one recovery" in its opinion is incorrect given the statutory context.

In this Court's view, the statutes cited to by JRH failed to overcome the plain language of § 600.4051. While JRH cites to statutes showing that the Michigan legislature could clearly provide for joint and several liability in statutes, those statutes are largely irrelevant in this case as neither the Bankruptcy Court nor appellees suggested that § 600.4051 involves joint and several liability. Nor does this Court believe that § 600.4051 involves joint and several liability

in any way. As noted by appellees, joint and several liability in Michigan generally gives rise to rights of contribution, see O'Dowd v. General Motors, 419 Mich. 597, 358 N.W.2d 553 (1984), and there is absolutely no indication that Adell or appellees would have a right of contribution against each other under § 600.4051. Furthermore, the statutes cited to by JRH relating to the priority of liability all involve entity liability and the limited nature of the liability of stockholders, officers and directors, which is not at all analogous to the circumstances in this case. Additionally, JRH's citations to statutes that provide that provide for greater than single recovery actually harms its position. As argued by appellees, those statutes demonstrate that the Michigan legislature knew how to provide for punitive damages when it wanted to, and the fact that it did not provide for such liability in § 600.4051 is relevant to the interpretation of that statute. See, e.g., M.C.L. § 408.488(2) (authorizing expressly "exemplary damages of not more than twice the amount of the wages and fringe benefits which were due, if the violation is flagrant or repeated."); M.C.L. § 600.2919 (authorizing expressly liability "to the owner of the land or the public corporation for 3 times the amount of actual damages."); M.C.L. § 257.1336 (authorizing expressly that, if the damage or injury to the person occurs as the result of a wilful and flagrant violation of that act, the person wronged "shall recover double the damages plus reasonable attorney fees and costs.").

Like the Bankruptcy Court, this Court finds that any Michigan cases and court rules relating to garnishment proceedings are more useful in interpreting § 600.4051 than any statutes revealing the absence of clear language in § 600.4051. As discussed by the Bankruptcy Court, in the unpublished decision of Lyons v. Jim Moceri & Son, Inc., No. 254575, 2006 WL 657133

(Mich. App. March 16, 2006), the Michigan Court of Appeals found that a garnishee defendant had filed false disclosures but only entered a judgment in the amount that the garnishee defendant had falsely claimed it had paid. The amount was in satisfaction of a higher priority (minus a credit for amounts actually paid) rather than the full judgment. Lyons, 2006 WL 657133 at *4.

Lyons was decided pursuant to MCR 3.101, which provides the rules for garnishment after judgment. Within that rule, MCR 3.101(G)(2) addresses the liability of the garnishee and specifically provides, "The garnishee is liable for no more than the amount of the unpaid judgment, interest and costs as stated in the verified statement requesting the writ of garnishment." MCR 3.101(O)(1) also expressly provides, in part, "A money judgment against the garnishee may not be entered in an amount greater than the amount of the unpaid judgment, interest, and costs as stated in the verified statement requesting the writ of garnishment." Similarly, MCR 3.101(O)(3) provides, in part, that "If the garnishee is chargeable for specific property that the garnishee holds for or is bound to deliver to the defendant, judgment may be entered and execution issued against the interest of the defendant in the property for no more than is necessary to satisfy the judgment against the defendant." MCR 3.101(O)(4) provides, in part, that "If the garnishee is found to be under contract for the delivery of specific property to the defendant, judgment may be entered and execution issued against the interest of the defendant in the property for no more than is necessary to satisfy the judgment against the defendant." Finally, MCR 3.101(O)(7) expressly provides that "Satisfaction of all or part of the

judgment against the garnishee constitutes satisfaction of a judgment to the same extent against the defendant."

The court in <u>Lyons</u> and the various parts of MCR 3.101 quoted above, demonstrate the garnishments in Michigan brought pursuant to the Michigan Court Rules limit the liability of garnishees to the amount necessary to satisfy the judgment, which in this case is zero dollars. JRH argues that M.C.L. § 600.4051 and MCR 3.101 are unrelated and different mechanisms, but as a clear statement of Michigan rules covering post-judgment garnishments, those "rules undermine JRH's argument that M.C.L. § 600.4051 intends to impose full liability for the judgment on the garnishee defendant that is separate from the defendant's liability." <u>In re John Richards Homes</u>, 346 B.R. at 766.

Additionally, if § 600.4051 is deemed ambiguous, a court must look to other persuasive authority in an attempt to discern legislative meaning and that other persuasive authority can include the policy rationales behind the statute. <u>Brilliance Audio, Inc.</u>, 474 F.3d at 372. In this case, JRH asserts that it, and any future parties in its situation, will be left without a remedy for the false disclosures if the Court rejects JRH's interpretation of § 600.4051 and that such a result would conflict with the Michigan common law policy that there is no right without a remedy. <u>See</u> <u>B.F. Farnell Co. Monahan</u>, 377 Mich. 552, 555 (1966) ("When a statute provides a beneficial right but no civil remedy for its securance, the common law on its own hook provides a remedy, thus fulfilling law's pledge of no wrong without a remedy.") (citing <u>Ferguson v. Gies</u>, 82 Mich. 358 (1890), and <u>Creek v. Laski</u>, 248 Mich. 425 (1929)).

This Court disagrees with JRH's assertion that its interpretation of § 600.4051 leaves JRH without a remedy for any violation of its rights. To the extent JRH was injured by the involuntary petition, Adell has satisfied the judgment in full. To the extent JRH argues that it was injured by the filing of the false disclosures, the Bankruptcy Court possessed sufficient powers to provide a remedy under its inherent powers.

As discussed above, the Bankruptcy Court found that it had jurisdiction over JRH's motion after concluding that the appellees' alleged liability arose, if at all, from the garnishee defendants' misconduct in the Bankruptcy Court and that when a garnishee defendant files a false garnishment disclosure, both Fed. R. Civ. P. 69 and the Bankruptcy Court's inherent authority permit it to respond under M.C.L § 600.4051. In re John Richards Homes, 346 B.R. at 765. Pursuant to those inherent powers, the Bankruptcy Court could provide a remedy for the fraud committed against it.

With respect to the inherent power of courts, the United States Supreme Court in Chambers v. NASCO, Inc., stated that it "has long been understood that '[c]ertain implied powers must necessarily result to our Courts of justice from the nature of their institution,' powers 'which cannot be dispensed with in a Court, because they are necessary to the exercise of all others.'" Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S.Ct. 2123, 2132 (1991) quoting United States v. Hudson, 7 Cranch 32, 34, 3 L.Ed. 259 (1812). "For this reason, 'Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates.'" Chambers, 501 U.S. at 43, quoting Anderson v. Dunn, 6 Wheat. 204, 227, 5 L.Ed. 242 (1821).

"These powers are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" Chambers, 501 U.S. at 43, quoting Link v. Wabash R. Co., 370 U.S. 626, 630-631, 82 S.Ct. 1386, 1388-1389, 8 L.Ed.2d 734 (1962). The Sixth Circuit has also confirmed the Bankruptcy Court's broad inherent powers to address improper conduct. See Mapother & Mapother, P.S.C. v. Cooper ( In re Downs), 103 F.3d 472, 477 (6th Cir. 1996) ("Bankruptcy courts, like Article III courts enjoy inherent power to sanction parties for improper conduct.").[4]

**V. Conclusion**

For the reasons discussed above, the court recommends that the decision of the Bankruptcy Court be **AFFIRMED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific

---

[4]This Court would also note that, if JRH's interpretation of § 600.4051 is adopted by the District Court, this case should be remanded back to the Bankruptcy Court for a determination on whether appellees knowingly and willfully filed false disclosures. While the Bankruptcy Court found, when discussing Adell's attempt at securing the Florida homestead exemption, that appellees had engaged in a "scheme" to defeat the collection efforts, the Bankruptcy Court never expressly found in that opinion that the appellees had knowingly and willfully filed false disclosures. See In re John Richards Homes, 298 B.R. at 608. Moreover, when deciding JRH's motions for entry of judgment against the appellees, the Bankruptcy Court merely reiterated that it had "previously found that Adell Broadcasting and STN.com participated in a scheme to evade the judgment and that the scheme included filing false garnishee disclosures" In re John Richards Homes, 346 B.R. at 765 citing In re John Richards Homes, 298 B.R. at 608, before denying the motions on the basis that Adell Broadcasting and STN.com were not liable because Adell had paid the judgment in full and there is no longer any amount due on the judgment. In re John Richards Homes, 346 B.R. at 766.

objections constitutes a waiver of any further right of appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Howard v. Secretary of HHS</u>, 932 F.2d 505, 508 (6th Cir. 1991); <u>United States v. Walters</u>, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991); <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

<div style="margin-left:40%;">
s/Virginia M. Morgan_____
Virginia M. Morgan
United States Magistrate Judge
</div>

Dated: October 20, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U. S. Mail on October 20, 2008.

<div style="margin-left:40%;">
s/Jane Johnson
Case Manager to
Magistrate Judge Virginia M. Morgan
</div>