UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

JOHN RICHARDS HOMES BUILDING
COMPANY, L.L.C.                                    CIVIL CASE NO. 06-13748
_____/


JOHN RICHARDS HOMES BUILDING        HONORABLE STEPHEN J. MURPHY, III
COMPANY, L.L.C,

                Appellant,        BANKR. CASE NO. 02-54689

v.

ADELL BROADCASTING
CORPORATION and STN.COM,

                Appellees.
_____/

**ORDER ACCEPTING THE REPORT AND
RECOMMENDATION AND AFFIRMING THE BANKRCUPTCY COURT**

INTRODUCTION

      The appellant John Richards Homes Building Co., L.L.C. has appealed an August 8, 2006 order of the United States Bankruptcy Court for the Eastern District of Michigan. The bankruptcy appeal was referred for a Report and Recommendation to the Honorable Virginia M. Morgan, United States Magistrate Judge. On October 10, 2008, the magistrate judge issued her Report and Recommendation, recommending that the decision of the bankruptcy court be affirmed. At that time, the magistrate judge notified the parties that any objections must be filed within ten days of service. The appellant filed timely objections. For the reasons stated below, the Court overrules the appellant's objections, adopts the magistrate judge's Report and Recommendation, and affirms the decision of the bankruptcy

court.

## STANDARD OF REVIEW

The Court's standard of review for a magistrate judge's Report and Recommendation depends upon whether a party files objections. If a party objects to portions of the Report and Recommendation, the Court reviews those portions de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's Report and Recommendation. *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *see also Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" of the magistrate judge. 28 U.S.C. § 636(b)(1)(c). Here, the appellant has filed objections; accordingly, a de novo review is required.

When a bankruptcy court decision is appealed to the district court, the bankruptcy court's findings of fact are reviewed under a "clearly erroneous" standard, while the bankruptcy court's legal conclusions are reviewed de novo. *Investors Credit Corp. v. Howard P. Batie (In re Batie)*, 995 F.2d 85, 88 (6th Cir. 1993).

## ANALYSIS

In this case, the bankruptcy court denied motions for entry of judgment against the appellees, finding that the appellees had no liability because the judgment had already been paid in full. The appellant appealed that decision, arguing that Mich. Comp. Laws § 600.4051 required imposing liability on the appellees. In her Report and Recommendation, the magistrate judge recommended that the ruling of the bankruptcy

court be affirmed.

The parties agree that the statute at issue is Mich. Comp. Laws § 600.4051, which states:

> Any person summoned as a garnishee or any officer, agent, or other person who appears and answers for a corporation summoned as a garnishee, who knowingly and wilfully answers falsely upon his disclosure or examination on oath is liable to the plaintiff in garnishment, or to his executors or administrators, to pay out of his own goods and estate the full amount due on the judgment recovered with interest, to be recovered in a civil action.

Mich. Comp. Laws § 600.4051. The appellant argues that the language of this statute, other similar Michigan statutes, and the policy behind Mich. Comp. Laws § 600.4051 require imposing liability on the appellees even though the judgment has been paid in full. After a de novo review of the record, the Court finds that the appellant's argument are meritless and that the reasoning of the magistrate judge in the Report and Recommendation is entirely sound and correct.

In conducting statutory interpretation, the statute must be read in a straightforward and commonsense manner. *Bartlik v. United States Dep't of Labor*, 62 F.3d 163, 165-166 (6th Cir. 1995). In this case, the Court finds that the statute is clear and unambiguous. Section 600.4051 imposes liability on a garnishee who knowingly and wilfully answers falsely upon his disclosure for the "full amount due on the judgment recovered with interest." Mich. Comp. Laws § 600.4051. In this case, it is undisputed that the judgment with interest has been satisfied by Kevin Adell. Accordingly, the full amount due is $0. As the magistrate judge correctly recognized, "[the appellant's] interpretation of the statute ignores the language limiting liability to the amount of the judgment *due* rather than the amount of the judgment itself, regardless of whether or not it has been paid." R&R, docket

3

entry #17, p.14 (Oct. 20, 2008). The clear and plain language of Section 600.4051 requires that the decision of the bankruptcy court be affirmed.

In addition, the Court finds that the magistrate judge was correct in observing that the cases cited by the appellant are not relevant to interpreting the language of Section 600.4051. Moreover, Michigan cases and court rules related to garnishment proceedings support the interpretation that the liability of garnishees is limited to the amount of the unpaid judgment. *See Lyons v. Jim Moceri & Son, Inc.*, No. 254575, 2006 WL 657133 (Mich. Ct. App. Mar. 16, 2006); Michigan Court Rule 3.101. Finally, policy considerations do not support a ruling in the appellant's favor; to the extent that the appellant has been injured by the filing of false disclosures, the bankruptcy court has inherent powers to grant an alternative remedy. *See Mapother & Mapother, P.S.C. v. Cooper (In re Downs)*, 103 F.3d 472, 477 (6th Cir. Ky. 1996) ("Bankruptcy courts, like Article III courts, enjoy inherent power to sanction parties for improper conduct.").

## CONCLUSION

In summary, upon a de novo review of the record, the Court finds that the reasoning of the magistrate judge as set out in the Report and Recommendation is sound and correct. The Court concludes that the decision of the bankruptcy court is in accord with the clear and plain language of the governing statute, Mich. Comp. Laws § 600.4051 and, therefore, the bankruptcy court decision should be affirmed.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the appellant's objections [docket entry #20] to the Report and Recommendation are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation [docket entry

#19] is **ACCEPTED and ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that the decision of the bankruptcy court is **AFFIRMED**.

**SO ORDERED.**


s/Stephen J. Murphy, III
Stephen J. Murphy, III
United States District Judge

Dated: March 23, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 23, 2009, by electronic and/or ordinary mail.

s/Alissa Greer
Case Manager