UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

JOHN RICHARDS HOMES BUILDING
COMPANY, L.L.C.
_____/   Case nos.  06-13748


JOHN RICHARDS HOMES BUILDING
COMPANY, L.L.C,
                                  HONORABLE STEPHEN J. MURPHY, III
          Appellant,

v.                                Bankruptcy Case no. 02-54689

ADELL BROADCASTING
CORPORATION and STN.COM,

          Appellees.
_____/


**ORDER DENYING PARTIES' MOTIONS FOR SANCTIONS** (docket nos. 25 & 29)

Two motions are before the Court in this set of consolidated closed cases. They arise from a bankruptcy appeal denied by the Court on March 23, 2009. Docket no. 23. The Court will not recount the extensive procedural history of the cases here, but incorporates by reference Magistrate Judge Virginia Morgan's factual account in her Report and Recommendation of October 20, 2008. Docket no. 19. In the end, the Court affirmed the Bankruptcy Court's determination, entered judgments, and closed the cases.

Almost one month later, victorious appellees in the bankruptcy appeal, Adell Broadcasting Corp. and STN.com ( the "Adell Companies"), filed a motion for sanctions against John Richards Home Building Co., LLC ("JRH"), the losing appellants in the

bankruptcy appeal, JRH's attorneys, Honigman, Miller, Schwartz and Cohn, LLP, ("Honigman"), and attorney Norman C. Ankers, individually. The basis for the Adell Companies' motion is essentially that JRH and its counsel took an unreasonable position on a question of statutory interpretation in the bankruptcy appeal.

JRH, Honigman, and Ankers responded to the motion arguing that, as a matter of law, it could not be sanctioned for its position on the statutory interpretation issue when the issue was one of first impression. JRH additionally filed a motion to reopen the case for the limited purpose of filing its own motion for sanctions against the Adell Companies and their counsel under Rule 11 of the Federal Rule of Civil Procedure and 28 U.S.C. § 1927. JRH included its Rule 11 motion in its filing and asks that if the Court reopens the case, it also consider the Rule 11 motion filed the day the case is reopened. JRH argues that the Adell Companies should be sanctioned for filing its motion for sanctions. Counsel for the Adell Companies responded to the motion to reopen arguing that reopening the case is not required for the Court to sanction a party after judgment has been entered.

## DISCUSSION

*1. Legal Standards - 28 U.S.C. § 1927 and Rule 11*

Reasonable costs and attorneys fees are available under 28 U.S.C. § 1927 where an attorney "so multiplies the proceedings in any case unreasonably and vexatiously." Sanctions may be warranted "when an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims." *Mich. Division-Monument Builders of N. Am. v. Mich. Cemetery Ass'n*, 524 F.3d 726, 738 (6th Cir. 2008) (citation omitted).

Rule 11(b) of the Federal Rules of Civil Procedure states that "[b]y presenting to the

court a pleading, written motion, or other paper," an attorney is certifying that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law ...." Fed. R. Civ. P. 11(b). A court may sanction a party for violating Rule 11(b) either *sua sponte* after notice and a reasonable opportunity to respond, or upon motion by any party. Fed. R. Civ. P. 11(c)(1-2). "[I]n this circuit, the test for the imposition of Rule 11 sanctions is whether the individual attorney's conduct was reasonable under the circumstances." *Michigan Division*, 524 F.3d at 739 (quoting *Mann v. G & G Mfg., Inc.*, 900 F.2d 953, 958 (6th Cir. 1990)).

*2. The Adell Companies' Motion for Sanctions*

The Adell Companies argue that JRH pursued a frivolous and vexatious appeal from the bankruptcy court's order denying JRH's motion for entry of judgment against the Adell Companies for the amount of the judgment fully satisfied by Adell.

The Adell Companies' motion for sanctions will be denied.

In the bankruptcy proceeding, JRH filed motions in the Bankruptcy Court for the Eastern District of Michigan against the Adell Companies pursuant to Mich. Comp. Laws § 600.4051 on the basis that the garnishee disclosures the companies filed were false. Mich. Comp. Laws § 600.4051 provides that "Any person summoned as a garnishee or any officer, agent, or other person who appears and answers for a corporation summoned as a garnishee, who knowingly and wilfully answers falsely upon his disclosure or examination

on oath is liable to the plaintiff in garnishment, or to his executors or administrators, to pay out of his own goods and estate the *full amount due on the judgment* recovered with interest, to be recovered in a civil action." (emphasis added).

The bankruptcy court found that the plain reading of the statute required denial of the requested judgment even if the Adell Companies had falsified the garnishment disclosures, because there was no amount due on the judgment after Adell personally satisfied it. JRH appealed and proffered to the Court a novel argument, never before decided by any court, that the Michigan statute provided for an award against garnishees who knowingly and wilfully answers falsely in a garnishment disclosure even though there is no amount still due on the judgment. The Court rejected that reading of the statute, finding that the plain language of the statute limited liability for false disclosure to the amount still due on the judgment, which in this case was $0.

The Court does not find that JRH's appeal of the Bankruptcy Court was frivolous and vexatious. Simply because JRH's interpretation of the Michigan statute was novel did not make it frivolous. JRH simply lost on the interpretation issue; the conduct of JRH and its attorneys in arguing the position does not now warrant sanctions simply because they lost and their argument was not persuasive. *See B & H Med., L.L.C., v. ABP Admin., Inc.*, 526 F.3d 257, 271 (6th Cir. 2008) ("Sanctions are not appropriate simply because an appellant's case 'may indeed be quite weak.'") (citations omitted). JRH, and its attorneys will not be sanctioned for their appeal.

*3. JRH's Motion to Reopen the Case for the Limited Purpose of Seeking Sanctions*

JRH requests that the Court grant its motion to reopen and consider its motion for sanctions as duly filed as of the date submitted. It relies on a district court decision and a

4

bankruptcy court decision from the Eastern District of New York, *see e.g., de la Fuente v. DCI Telecomms., Inc.*, 259 F. Supp. 2d 250 (E.D.N.Y. 2003); *In Re Berger Indus., Inc.*, 298 B.R. 37 (Bankr. E.D.N.Y. 2003), which purportedly advise that a Court should reopen a closed case before considering sanctions.

The Court is not persuaded that it must reopen the case to consider the sanctions motions. Federal courts retain jurisdiction to consider ancillary or collateral matters, such as sanctions, after the underlying litigation has been finalized. *Cf. Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990). The Court therefore considers JRH's motion for sanctions, but will deny it.

JRH raises four principal bases for sanctioning the Adell Companies and its attorneys for filing its motion for sanctions against JRH and its attorneys: 1) the motion incorrectly asserted that sanctions were appropriate even though overwhelming case authority, including directly applicable Sixth Circuit precedent, holds that sanctions are absolutely inappropriate, as a matter of law, in cases that involve issues of first impression; 2) incorrectly asserted that sanctions are available under 28 U.S.C. § 1912 and Fed. R. App. P. 38 even though those provisions do not apply to a District Court; 3) misrepresented to the Court that there were "warnings" by other courts to JRH that its position was frivolous and sanctionable and made other misrepresentations; and 4) improperly sought to increase the costs of litigation in a manner consistent with the history of abuses orchestrated by Adell himself.

With respect to JRH's first argument, it is not the law that sanctions are absolutely inappropriate where the issue before the trial court and on appeal are issues of first impression. The cases JRH cites for this proposition are not to the contrary. In those

5

cases, the fact that the issues were ones of first impression in the jurisdiction, by itself, was not dispositive of whether a party should be sanctioned, but rather was one factor among others that the courts considered in determining whether to sanction counsel.

It simply cannot be the case that a party who raises an issue of first impression in a jurisdiction is entitled to *absolute* immunity from sanctions in raising the issue. Such a rule would require that a patently frivolous, yet novel, legal argument would not be sanctionable. Rule 11 allows for sanctions when the legal contentions are warranted only by a frivolous argument for the extension of existing law or for establishing new law. *Frivolity* is the lynchpin for awarding sanctions for an argument for extending the law or establishing new law. An argument may be frivolous even when it deals with an issue of first impression. *See, e.g.*, *Ozee v. Amer. Council on Gift Annuities, Inc.*, 143 F.3d 937, 941 (5th Cir. 1998) (rejecting as unpersuasive defendant's contention that it should not be sanctioned for pursuing an appeal in a case of first impression). Therefore, the Adell Companies' argument that JRH should be sanctioned for its argument regarding Mich. Comp. Laws § 600.4051 was not frivolous and does not warrant sanctions.

With respect to JRH's second argument – that the Adell Companies's assertion that sanctions are available under 28 U.S.C. § 1912 and Fed. R. App. P. 38 is frivolous – the Court disagrees. First of all, the Adell Companies' motion for sanctions relies on 28 U.S.C. § 1927 in seeking sanctions. Secondly, to the extent the Adell Companies rely on 28 U.S.C. § 1912, applicable in the courts of appeals or the Supreme Court, the Court does not consider its reliance on that statute as a basis for the Court's power to sanction, but rather to guide the Court in its determination. Finally, even if the Adell Companies did rely on § 1912, the Court finds that though wrong, such an argument was not frivolous. Though

the plain language of the statute dictates that it applies only to courts of appeals and the Supreme Court, arguments that it should apply in cases where the District Court sits in an appellate capacity would not be frivolous, though they would be wrong. Thus, the Adell Companies' arguments in this regard do not warrant sanctions.

With respect to JRH's third argument – that the Adell Companies misrepresented to the Court that there were "warnings" by other courts to JRH that its position was frivolous and sanctionable – the Court considers the statements by the Adell Companies in their briefs to be mere characterizations of statements by courts throughout the proceedings, rather than direct quotations from courts in those proceedings. Additionally, the Court does not find that the Adell Companies made other misrepresentations in their motion for sanctions. Therefore, there was no misrepresentations warranting Rule 11 sanctions.

Finally, with respect to JRH's fourth argument – that the Adell Companies improperly sought to increase the costs of litigation in a manner consistent with the history of abuses orchestrated by Adell himself – the Court disagrees. The Court views the progression of the case as vigorously pursued by both sides. Although the Adell Companies' motion for sanctions against JRH is not meritorious, the Court does not find that they filed the motion simply for purposes of harassing JRH and its counsel, and simply to increase the costs of litigation. The motion was *not* the latest abusive filing in a six-year long campaign by Adell, as JRH alleges. Due to the unambiguously clear language of Mich. Comp. Laws § 600.4051, the likelihood of the District Court reversing the Bankruptcy Court was extremely low, and the Adell Companies was within its right to be frustrated by the appeal and file a motion for sanctions against JRH for making such a meritless (but ultimately not frivolous) argument. For these reasons the Adell Companies and their counsel will not be

7

sanctioned.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that:

- The Adell Companies' motion for sanctions (docket no. 25) is **DENIED**;

- JRH's motion to reopen the case for the limited purpose of filing its motion for sanctions (docket no. 29) is **DENIED**;

- JRH's motion for sanctions has been considered, and is **DENIED**.

**SO ORDERED.**

_____

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: December 17, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 17, 2009, by electronic and/or ordinary mail.

s/Alissa Greer
Case Manager